13210. WISE *v.* RAY.

There was some slight evidence to authorize the verdict; and, the verdict having been approved by the trial judge, this court is powerless to interfere with it because of alleged insufficiency of evidence.

DECIDED JUNE 14, 1922.

Action for damages; from Gordon superior court·— Judge Tarver. November 26, 1921.

*F. A. Cantrell, A. L. Henson,* for plaintiff in error.

*M. B. Eubanks,* contra.

BLOODWORTH, J. "In this case the motion for a new trial contained only the usual general grounds. There was some slight evidence authorizing the verdict; and, the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732) ; *Cook* v. *McMurria,* 19 *Ga. App.* 491 (91 S. E. 785) ; *McCarty* v. *Keys,* 19 *Ga. App.* 494 (91 S. E. 875) ; *Phillips-Boyd Publishing Co.* v. *Bird,* 19 *Ga. App.* 808 (92 S. E. 287) ; *Fraser* v. *State,* 55 *Ga.* 326 (6).

*Judgment affirmed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. This was a suit for the recovery of damages for alleged personal injuries sustained by the plaintiff's son while traveling in an automobile on a public highway. The evidence showed that the son was shot and injured by one of three men, but did not show, either directly or circumstantially, that the defendant was the person who shot him. The petition contained no allegation as to a conspiracy between the three persons, and, therefore, under the petition, the defendant was liable for his individual acts only, and it not appearing from the evidence which one of the three persons shot the plaintiff's son, the verdict against the defendant was unauthorized, and the court erred in overruling the motion for a new trial. I think the judgment should be reversed.